UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DALLAS X. EVANS,

                          Plaintiff,

            -against-

ABSOLUTE RESULTS,

                          Defendant.

21 Civ. 280 (LGS)

ORDER OF SERVICE

LORNA G. SCHOFIELD, United States District Judge:

      WHEREAS, Plaintiff brings this *pro se* action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17, and 42 U.S.C. § 1981, alleging that his employer discriminated against him based on his race. By order dated February 9, 2021, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP") (Dkt. No. 5).

      WHEREAS, because Plaintiff has been granted permission to proceed IFP, Plaintiff is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summons and complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summons and amended complaint until the Court reviewed the amended complaint and ordered that a summons be issued. The Court therefore extends the time to serve until 90 days after the date the summons is issued. If the amended complaint is not served within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension

of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m)."). Accordingly, it is hereby

**ORDERED** that to allow Plaintiff to effect service on Defendant Absolute Results through the U.S. Marshals Service, the Clerk of Court is respectfully directed to (1) fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for Defendant Absolute Results, located at 200 State Street, Suite 202-O, Cedar Falls, IA 50613; (2) issue a summons and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon Defendant and (3) mail Plaintiff an information package and a copy of this Order. Plaintiff has consented to electronic service (Dkt. No. 2). It is further

**ORDERED** that Plaintiff will notify the Court in writing if Plaintiff's address changes. the Court may dismiss the action if Plaintiff fails to do so.

Dated: May 24, 2021
 New York, New York

*[signature]*
LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

2