```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
                                                             :
   DALLAS X. EVANS,                                          :
                              Plaintiff,                     :
                                                             :            21 Civ. 280 (LGS)
                    -against-                                :
                                                             :            OPINION AND ORDER
   ABSOLUTE RESULTS,                                         :
                                                             :
                              Defendant.                     :
-------------------------------------------------------------X
```

LORNA G. SCHOFIELD, District Judge:

WHEREAS, Defendant filed a pre-motion letter regarding a motion to dismiss based on a forum selection clause in a Consulting Services Agreement (the "Agreement") between Plaintiff and Defendant.  Pro se Plaintiff opposes and seeks retroactive leave to file his opposition a day late.  The Court construes the parties' letters as briefing on a motion to dismiss based on the forum selection clause.

WHEREAS, Plaintiff's First Amended Complaint ("FAC") asserts claims for race-based employment discrimination under Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981.  Specifically, the FAC alleges that Plaintiff was (1) discriminated and retaliated against based on his race, including exclusion from meetings and loss of job and sales opportunities, (2) subject to harassment and mistreatment at work and (3) not timely paid for work in some instances and not paid at all in others.

WHEREAS, on March 19, 2021, Plaintiff and Defendant entered into the Agreement, whereby Plaintiff contracted to perform services related to automotive sales.  Section 5.5 of Agreement contains a choice of law clause stating the parties agree that Delaware law applies to the Agreement:  "This Agreement shall be governed by, and construed and interpreted in accordance with, the laws of Delaware" (the "Choice of Law Clause").  Section 5.5 also contains

a forum selection clause stating that the parties agree that disputes arising from or related to the Agreement are exclusively to be heard by Delaware courts: "Each Party hereby expressly and irrevocably adorns and submits to the exclusive jurisdiction of the courts of Delaware, in respect of all matters arising out of or in connection with this Agreement" (the "Forum Selection Clause").  Section 5.6 states: "The parties agree, in respect of any claim or legal proceedings for any purposes whatsoever, in connection with the Agreement, to elect the judicial district of Wilmington, Delaware."

> WHEREAS, enforcement of a forum selection clause is governed by a four-part test:
>
> (1) whether the clause was reasonably communicated to the party resisting enforcement; (2) whether the clause is mandatory or permissive, i.e., whether the parties are required to bring any dispute to the designated forum or simply permitted to do so; and (3) whether the claims and parties involved in the suit are subject to the forum selection clause. If the forum clause was communicated to the resisting party, has mandatory force and covers the claims and parties involved in the dispute, it is presumptively enforceable. A party can overcome this presumption only by (4) making a sufficiently strong showing that enforcement would be unreasonable or unjust, or that the clause was invalid for such reasons as fraud or overreaching.

*Martinez v. Bloomberg LP*, 740 F.3d 211, 217 (2d Cir. 2014) (alterations, quotation marks and citations omitted); *accord Allianz Glob. Inv'rs GmbH v. Bank of Am. Corp.*, 463 F. Supp. 3d 409, 435 (S.D.N.Y. 2020).  Where, as here, an agreement contains a choice of law clause and a forum selection clause, interpretation of the forum selection clause is governed by the parties' chosen body of law, while enforceability of the forum selection clause is governed by federal common law.  *Martinez*, 740 F.3d at 217; *accord NuMSP, LLC v. St. Etienne*, 462 F. Supp. 3d 330, 342 (S.D.N.Y. 2020).  Steps one and four of the *Martinez* analysis involve enforceability of a forum selection clause, whereas steps two and three of that analysis involve questions of interpretation. *Martinez*, 740 F.3d at 217.  So a court should "normally apply the body of law selected in an otherwise valid choice-of-law clause" to the step-two question of whether a forum selection

clause is mandatory. *Id.*; *accord DataCatalyst, LLC v. Infoverity, LLC*, No. 20 Civ. 310, 2020 WL 1272199, at *2 (S.D.N.Y. Mar. 17, 2020).

Under step four of the *Martinez* test, in determining whether enforcement of a forum selection clause would be unreasonable or unjust, courts consider whether "(1) its incorporation was the result of fraud or overreaching; (2) the law to be applied in the selected forum is fundamentally unfair; (3) enforcement contravenes a strong public policy of the forum in which suit is brought; or (4) trial in the selected forum will be so difficult and inconvenient that the plaintiff effectively will be deprived of his day in court." *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 92 S (1972); *accord Martinez*, 740 F.3d at 227.

In deciding a motion to dismiss based on a forum selection clause, a district court typically relies on pleadings and affidavits, but cannot resolve any disputed material fact in the movant's favor unless an evidentiary hearing is held. *See Martinez*, 740 F.3d at 216-17 (2d Cir. 2014); *accord Fagbeyiro v. Schmitt-Sussman Enterprises, Inc.*, No. 17 Civ. 7056, 2018 WL 4681611, at *2 (S.D.N.Y. Sept. 28, 2018). Because the parties' submissions do not raise any factual disputes, no evidentiary hearing is needed.

WHEREAS, courts must liberally construe pleadings and other submissions by pro se litigants "to raise the strongest claims [they] suggest[ ]." *Hardaway v. Hartford Pub. Works Dep't*, 879 F.3d 486, 489 (2d Cir. 2018) (quotation marks omitted). "Nevertheless, a pro se litigant is not exempt from 'compliance with relevant rules of procedural and substantive law.'" *Murphy v. Warden of Attica Corr. Facility*, No. 20 Civ. 3076, 2020 WL 2521461, at *1 (S.D.N.Y. May 15, 2020) (emphasis in original) (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

WHEREAS, Defendant claims the Forum Selection Clause is enforceable and requires the parties to resolve all disputes arising from the Agreement in Delaware courts.

Step one of the *Martinez* test asks if the Forum Selection Clause was reasonably communicated to Plaintiff.  It was, because the clause was plainly displayed in the Agreement, which Plaintiff signed.

Step two of the *Martinez* test asks if the Forum Selection Clause is mandatory -- that is, if the only place where Plaintiff's claims may proceed is Delaware.  Because the Agreement contains a choice of law clause plainly specifying that it is governed by Delaware law, that body of law is used to determine if the Forum Selection Clause is mandatory.  Under Delaware law, clauses similar to the Forum Selection Clause -- whereby the parties "submit to" the "exclusive jurisdiction" of a forum -- are mandatory.  *See, e.g.*, *McDonald's Corp. v. Easterbrook*, No. 20 Civ. 658, 2021 WL 351967, at *3 (Del. Ch. Feb. 2, 2021) (finding mandatory a forum selection clause stating that the parties "submit to and consent to the exclusive jurisdiction" of the forum state).  The Forum Selection Clause is mandatory.

Step three of the *Martinez* test asks if Plaintiff's claims are covered by the Forum Selection Clause.  They are because Plaintiff brings claims for employment discrimination arising from his employment as a consultant for Defendant pursuant to the Agreement, and the Forum Selection Clause applies to "all matters arising out of or in connection with this Agreement."

WHEREAS, because steps one to three of the *Martinez* test are satisfied, the Forum Selection Clause is presumptively enforceable unless Plaintiff meets his "heavy burden" of demonstrating that (1) it resulted from fraud or overreaching, (2) Delaware law on issues of employment discrimination is fundamentally unfair, (3) enforcement contravenes a strong public

policy of this forum or (4) proceeding in Delaware will be so difficult and inconvenient that Plaintiff effectively will be deprived of his day in court.  *Martinez*, 740 F.3d at 227-29.

WHEREAS, Plaintiff's submission does not explicitly address these issues, but instead asserts that (1) the FAC sufficiently pleads a violation of Title VII and (2) venue is proper in New York because the alleged discriminatory acts took place in New York.  Construing Plaintiff's submission to raise the strongest arguments it suggests, the Court construes Plaintiff's statements regarding venue as an argument that enforcement of the Forum Selection Clause would contravene the public policy of litigating discrimination claims in the forum in which the discrimination occurred.  As a court in this district persuasively noted, the existence of such a policy does not "*require*[] adjudicating discrimination claims in the local forum, especially when the parties have agreed otherwise . . . . Indeed, the Second Circuit's opinions in this area suggest that civil rights plaintiffs resisting enforcement of a forum selection clause must demonstrate that enforcement would undermine their roles as 'private attorneys general,' either because the required forum would not adequately enforce civil rights, or because they would be hindered from litigating their claims in the required forum." *DeBello v. Volumecocomo Apparel, Inc.*, No. 16 Civ. 257, 2017 WL 462268, at *3 (S.D.N.Y. Jan. 25, 2017), *aff'd*, 720 F. App'x 37 (2d Cir. 2017) (emphasis in original) (collecting cases).

Read broadly for the strongest claims it suggests, Plaintiff's submission does not claim, nor does the record support, (1) that the Forum Selection Clause resulted from fraud or overreaching, (2) that Delaware law on issues of employment discrimination is fundamentally unfair or (3) that proceeding in Delaware court is prohibitively difficult or expensive.  First, Plaintiff signed the Agreement, in which the Forum Selection Clause is prominently displayed. Second, Plaintiff brings claims under federal statutes enforced in the same manner nationwide,

5

so prosecution of this action in Delaware federal court will not result in the application of fundamentally unfair law.  Third, the FAC states that Plaintiff resides outside of this District, in Rochester, New York.  Requiring this action to proceed in another District which is likewise not Plaintiff's home district cannot be said to impose a prohibitive burden.  Accordingly, it is hereby

**ORDERED** that Defendant's motion to dismiss based on the Forum Selection Clause is **granted**.  Plaintiff's motion for a retroactive extension of time to file his response is **granted**.  Defendant's letter motion for leave to file a reply is **denied** as moot.

Plaintiff is advised that, pursuant to the Forum Selection Clause, he may bring his Title VII and § 1981 claims against Defendant in the federal judicial district of Wilmington, Delaware.

The Clerk of Court is respectfully directed to close this case and the docket entries at numbers 18, 21 and 22.

Dated: August 16, 2021
New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**